IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO GOMEZ,

        Plaintiff,                          No. CIV S-09-0265 MCE GGH P

    vs.

M. MARTEL, Warden, et al.,

        Defendant.                  ORDER &amp;
                                              FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is a former state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

1    The court is required to screen complaints brought by prisoners seeking relief
2 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
3 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
6 U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14    A complaint must contain more than a "formulaic recitation of the elements of a
15 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
16 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
17 "The pleading must contain something more...than...a statement of facts that merely creates a
18 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
19 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
20 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
21 v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at
22 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
23 that allows the court to draw the reasonable inference that the defendant is liable for the
24 misconduct alleged."  Id.

25    In reviewing a complaint under this standard, the court must accept as true the
26 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names as defendants, prison warden Martel, correctional counselor Alston and CDCR Victim Services. Plaintiff alleges that while still in prison, he was informed by Alston that plaintiff's ex-wife and ex-mother in law submitted a form stating that they were victims or took part in a violent crime committed by plaintiff. Plaintiff contends no such crime ever occurred. As a result, CDCR victim services issued a Cal. Penal Code §3058.8 notification that required petitioner's family to be notified when petitioner was released from prison. Plaintiff states that this led him to become classified as violent felon which prevented him from having contact with his son while in prison. He states this was in violation of a family court order. Plaintiff argues that prison warden Martel knowingly allowed this to happen. Plaintiff only seeks injunctive relief to have his prison record cleared of the false charges and to be allowed to contact his son.

On April 29, 2009, the court issued an order to show cause why this case should not be dismissed as moot as plaintiff was released from prison and could presumably contact his son. Plaintiff responded and attached his conditions of parole that prevent him from having any contact with his son.

Just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

3

on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991). Defendant Martel is an appropriate official capacity defendant and this court by concurrent order, has found this defendant appropriate for service as to this claim. However, defendant Alston is not appropriate as he could not appropriately respond to a court order on injunctive relief should one be issued, thus Alston should be dismissed from this action.

In his complaint plaintiff has also named CDCR Victim Services as one of the defendants. The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974). In the instant case, CDCR Victim Services has not consented to suit. Accordingly, plaintiff's claims against CDCR Victim Services are frivolous and must be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

4

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. No initial fee will be assessed. The remainder of the fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

IT IS HEREBY RECOMMENDED that plaintiff's claims against defendant Alston and CDCR Victim Services be dismissed for the reasons discussed above.

DATED: July 22, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:ab
gome0265.dis